IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-03024-CMA-KLM

DONALD GARCIA,

    Plaintiff,

v.

BRIAN WEBSTER, physician's assistant,
KEVIN MILLYARD, warden,
STOCK, physician's assistant,
GOLDEN, doctor, and
FORTUNATO, doctor, All Defendants in Their Official and Individual Capacities,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Stay Discovery** [Docket No. 29; Filed May 27, 2010] ("Defendants' Motion") and Plaintiff's **Motion for Counsel** [Docket No. 36; Filed July 19, 2010] ("Plaintiff's Motion"). Pursuant to Defendants' Motion, Defendants seek a stay of the case until resolution of their pending Motions to Dismiss, involving, in part, the defense of qualified immunity [Docket Nos. 20 & 27]. Plaintiff failed to respond to Defendants' Motion. Pursuant to Plaintiff's Motion, Plaintiff seeks the appointment of counsel to assist him in prosecuting his case due to the fact that he suffers from ALS or Lou Gehrig's Disease. Defendants filed a Response on July 30, 2010 [Docket No. 39] taking no position as to Plaintiff's Motion, but informing the Court that Plaintiff appears to be able to write on his own at this time.

IT IS HEREBY **ORDERED** that Defendants' Motion is **GRANTED**. Given that the

Scheduling Conference has not yet occurred or case deadlines set, the Court agrees that the case should be stayed until resolution of the pending Motions to Dismiss.  **However, this Order does not impact Plaintiff's responsibility to respond to the Order to Show Cause and to respond to the pending Motions to Dismiss by August 16, 2010 [Docket Nos. 31 & 35]**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for August 16, 2010 at 10:30 a.m. is **vacated** and will be reset, if appropriate, after resolution of the pending Motions to Dismiss.

IT IS HEREBY **ORDERED** that Plaintiff's Motion is **GRANTED**.  However, the Court advises Plaintiff that it does not have the power to appoint an attorney without the attorney's consent, *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case.  Nevertheless, the Court can seek volunteer counsel to represent Plaintiff.  The Clerk of the Court maintains a list of *pro se* cases for which the Court is seeking volunteer counsel.  Pursuant to this Order, Plaintiff will be placed on that list.  However, the Court clarifies that mere placement on the list does not automatically mean that Plaintiff will receive counsel.  Rather, placement on the list results in representation being secured for Plaintiff <u>only if counsel volunteers to represent him</u>.  Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained.  **If counsel volunteers to represent him, Plaintiff will be notified.  Until such time, Plaintiff remains responsible for litigating the case, and complying with my Orders and**

**applicable rules, without assistance**. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a).

IT IS FURTHER **ORDERED** that the Clerk shall address and send a copy of this Order to Plaintiff's Case Manager.

Dated: August 11, 2010

                                            BY THE COURT:

                                            s/ Kristen L. Mix
                                            U.S. Magistrate Judge
                                            Kristen L. Mix