**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-03024-CMA-KLM

DONALD GARCIA,

      Plaintiff,

v.

BRIAN WEBSTER, Physician's Assistant,
WARDEN KEVIN MILYARD,
STOCK, Physician's Assistant,
DOCTOR GOLDSMITH, and
DOCTOR FORTUNATO, all defendants in their official and individual capacities,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING DECEMBER 20, 2010 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

      This matter is before the Court on a Motion to Dismiss Complaint filed by Defendants Warden Kevin Milyard, Physician's Assistant Stock, Doctor Goldsmith, and Doctor Fortunato (Doc. # 20) and a Motion to Dismiss Complaint filed by Defendant Brian Webster (Doc. # 27).  The Motions were referred to United States Magistrate Judge Kristen L. Mix for a Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).  (Doc. ## 21, 28.)  Magistrate Judge Mix issued a Recommendation on December 20, 2010, that the Motions be granted and that the case be dismissed with prejudice.  (Doc. # 44 at 26.)  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 44 at 26.) Despite this advisement, no objections to the Magistrate Judge's Recommendation were filed by either party.[1]

> "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn,* 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings")).

Applying this standard, I am satisfied that the Recommendation of Magistrate Judge Mix is sound and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(a). I agree that dismissal with prejudice of Plaintiff's claims arising under the Eighth Amendment for cruel and unusual punishment is appropriate for two reasons. First, as Magistrate Judge Mix duly notes, Plaintiff's claims against Defendant Brian Webster, which arise from Defendant Webster's conduct that occurred before May 15, 2008, and Plaintiff's claims against Defendant Stock are time barred. (Doc. # 44 at 10-14.) *Gee v. Pacheco,* — F.3d —, 2010 WL 4909644, at *16 (10th Cir. Oct. 26, 2010) (affirming dismissal with prejudice of time-barred claims.)

---

[1] On January 6, 2011, Plaintiff filed a Motion for Extension of Time to File Objection to Recommendation of United States Magistrate Judge. (Doc. #45). However, the Court has denied that Motion due to Plaintiff's failure to establish good cause and comport with the Federal Rules of Civil Procedure. (Doc. # 46.)

Second, while ordinarily the dismissal of *pro se* claims under Rule 12(b)(6) should be without prejudice, dismissal <u>with</u> prejudice is appropriate where allowing the *pro se* plaintiff an opportunity to amend would be futile.  See *Oxendine v. Kaplan*, 241 F.2d 1272, 1275 (10th Cir. 2001) ("dismissal [with prejudice] of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.") (citation omitted).

In the instant case, Magistrate Judge Mix duly noted that, in order to state an actionable Eighth Amendment claim for inadequate medical treatment, Plaintiff must allege facts that (1) he was deprived of a medical need that is, objectively, "sufficiently serious,"[2] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and (2) the defendant knew of and disregarded[3] "an excessive risk to [the prisoner's] health or safety," *id*. at 837. Plaintiff's thorough and detailed allegations undermine the very possibility that Defendants deprived him of medical needs and knew of and disregarded an excessive risk to Defendant's health or safety.  On several occasions, Plaintiff received medical treatment from Defendants, and Plaintiff was referred to a specialist for further care.

---

[2]  "A medical need is serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)).

[3]  A defendant knew of and disregarded an excessive risk to a prisoner's health or safety when he was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and he actually drew that inference.  *Farmer*, 511 U.S. at 837.

(Complaint, Doc. # 3 at 6-8.)  Further, to the extent that any of the named Defendants provided inadequate treatment, Plaintiff did not – and cannot – allege facts that any Defendant knew of and consciously disregarded an excessive risk to Plaintiff's health and safety.

At most, Plaintiff's claims sound in tort or constitute mere disagreement with the Defendants' course of medical treatment; Plaintiff's allegations do not meet the high threshold of a constitutional claim.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical treatment under the Eighth Amendment."); *Ramos*, 639 F.2d at 575 ("[A] mere difference opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment.").

Based on the foregoing, I agree that the above-referenced Motions to Dismiss be granted.  Allowing Plaintiff an opportunity to amend would be futile.

Accordingly, IT IS ORDERED THAT:

(1)   The December 20, 2010 Recommendation of United States Magistrate Judge Kristen L. Mix (Doc. # 44) is AFFIRMED and ADOPTED;

(2)   The Motion to Dismiss Complaint filed by Defendants Warden Kevin Milyard, Physician's Assistant Stock, Doctor Goldsmith, and Doctor Fortunato (Doc. # 20) is GRANTED;

(3) The Motion to Dismiss filed by Defendant Brian Webster (Doc. # 27)

is GRANTED; and

(4) Plaintiff's claims are DISMISSED WITH PREJUDICE.

DATED: January __11__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge